RECEIVED
OCT – 9 2018
BY MAIL

OCT – 9 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

AO 243 (Rev. 09/17)

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| | |
|---|---|
| **United States District Court** Eastern | District of Missouri |

| Name *(under which you were convicted):* |
|---|
| Daren Hill |

**4:18CV1742 RLW**

| Place of Confinement: | Prisoner No.: |
|---|---|
| United States Penitentiary Victorville | 46212-044 |

| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* |
|---|---|
| V.     Hill | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the Eastern District of Missouri @ St.Louis, Missouri

   (b) Criminal docket or case number (if you know): 4:16-cr-00360

2. (a) Date of the judgment of conviction (if you know): October 3,2017
   (b) Date of sentencing: October 3,2017

3. Length of sentence: 120 months

4. Nature of crime (all counts): 21 U.S.C.§841(a)(1) and 21 U.S.C.§841(b)(1)(c)

   18 U.S.C.§924(a)(2) and 18 U.S.C.§922(j)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
   Guilty as to 21 U.S.C.§841(a)
   (1) and 21 U.S.C.§841(b)(1)(c)

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒

AO 243 (Rev. 09/17)

8.    Did you appeal from the judgment of conviction?        Yes ☐          No ☒

9.    If you did appeal, answer the following:
      (a)  Name of court:.          n/a
      (b)  Docket or case number (if you know):
      (c)  Result:
      (d)  Date of result (if you know):
      (e)  Citation to the case (if you know):
      (f)  Grounds raised:




      (g)  Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐        No ☒
           If "Yes," answer the following:
           (1) Docket or case number (if you know):          N/A
           (2) Result:

           (3) Date of result (if you know):
           (4) Citation to the case (if you know):
           (5) Grounds raised:






10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications,
      concerning this judgment of conviction in any court?
           Yes ☐        No ☒

11.   If your answer to Question 10 was "Yes," give the following information:
      (a)  (1) Name of court:          N/A
           (2) Docket or case number (if you know):
           (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

    (4)  Nature of the proceeding:      N/A

    (5)  Grounds raised:

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☒

    (7)  Result:      N/A

    (8)  Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court:      N/A

    (2)  Docket of case number (if you know):

    (3)  Date of filing (if you know):

    (4)  Nature of the proceeding:

    (5)  Grounds raised:

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☒

    (7)  Result:      N/A

    (8)  Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:    Yes ☐    No ☒

    (2)  Second petition:    Yes ☐    No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**  Counsel were ineffective when she failed to object to Assault on Law Enforcement Officer being considered as a crime of violence and thereby qualifying pursuant to 4b1.1 a career offender guidelines.

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Memorandum attached as Ground One.

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐       No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐       No ☒

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☒

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☒

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):     N/A

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:     N/A

**GROUND TWO:** Counsel were ineffective when she failed to object to Resisting or Interfering w/ an Arrest being considered as a crime violence and thereby qualifying pursuant to 4b1.1 career offender guidelines.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See memorandum attached as Ground Two.

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:   N/A

AO 243 (Rev. 09/17)

**GROUND THREE:**     N/A

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2) If you did not raise this issue in your direct appeal, explain why:     N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:     N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):     N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☒

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):     N/A

Date of the court's decision:     N/A

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:   N/A

**GROUND FOUR:**     N/A

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:  N/A

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐       No ☒

(2)   If you answer to Question (c)(1) is "Yes," state N/A

AO 243 (Rev. 09/17)

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

 

 

(3)  Did you receive a hearing on your motion, petition, or application?

    Yes ☐    No ☒

(4)  Did you appeal from the denial of your motion, petition, or application?

    Yes ☐    No ☒

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

    Yes ☐    No ☒

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

 

 

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:  N/A

 

 

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐     No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.     N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing: N/A

   (b) At the arraignment and plea:     N/A

   (c) At the trial:   N/A

   (d) At sentencing:  N/A

   (e) On appeal:      N/A

   (f) In any post-conviction proceeding:     N/A

   (g) On appeal from any ruling against you in a post-conviction proceeding:  N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐     No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:   N/A

   (b) Give the date the other sentence was imposed: _____ N/A _____

   (c) Give the length of the other sentence: _____ N/A _____

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐     No ☒

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief: The petitioner contends that in light of counsel ineffective assistance that his two prior convictions of Assault on Law Enforcement and Resisting and Interfering w/ an Arrest no longer qualify as a crime of violence and he should be resentenced. or any other relief to which movant may be entitled. The petitioner contends that if these two prior offense no longer qualify as crimes of violence he should be resentenced within the correct guideline range without of the application of career offender guideline;.

x ~~Daren Hill~~
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on x  *OCT- 1 -2018*
(month, date, year)

Executed (signed) on x *October, 1, 2018* (date).

x *Daren Hill*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Ground One: Counsel were ineffective when she failed to object to Assault on Law Enforcement Officer being considered as a crime violence and thereby qualifying pursuant to §4B1.1 Career Offender Guidelines.

The petitioner contends that counsel were ineffective when she failed to object to Assault on Law Enforcement Officer being a crime of violence and as such the petitioner stands convicted of an enhancement in violation of his constitutional rights

The petitioner avers that courts failed to take the proper categorical approach. To detemine whether a prior conviction was for a crime of violence ." We must apply a categorical approach, looking to the element of the offense as defined in the statute of conviction rather then to the facts underlying the defendant's prior conviction." United States v Dawn, 685 F.3d 790,794 ( 8th.Cir.2012 ) ( quoting United States v Park, 620 F.3d 911,913 ( 8th.Cir.2010 )

The State of Missouri defines Assault on Law Enforcement in Missouri Statute. Mo.Rev.Stat.§565.082.1(2008); Second Degree Assault on Law Enfor.

A person is guilty of assault of a law enforcement officer in the second degree if he;

(1) Knowingly causes or attempts to cause physical injury to a law enforcement officer . . . by means of a deadly weapon or dangerous instrument . . .

(3) Recklessly causes serious physical injury to a law enforcement officer . . . or

(4) While in an intoxicated condition or under the influeneces of controlled substances or drugs, operates a motor vehicle . . . and when so operating acts with criminal negligence to cause physical injury to law enforcement officer.id.,§565.082.1(2008).

1

The petitioner avers that Second Degree Assault on Law Enforcement pursuant to Missouri Statute§565.082.1(2008) is a divisible statute that encompasses multiple crimes, some of which are crimes of violences and some of which are not, Therefore, This court should have taken the modified categorical approach to " look at the charging documents, plea colloquy, and comparable judivial records " to determine which part of the statute the defendant had violated.,id at 794-95 ( quoting Park,620 F.3d.at 913.

The petitioner contends that his prior conviction for Second Degree Assault on Law Enforcement should not be considered a crime because he was convicted of Mo.Rev.Stat.§565.082.1(4);

(4) While in an intoxicated condition or under the influences of a controlled substances or drugs, operates a motor vehicle . . . and when so operating acts with criminal negligence to cause physical injury to law enforcement officer.

Therefore, under the modified categorical approach Sceond Degree Assault on Law Enforcement would not qualify as a crime of violence because under Missouri State Statute this crime can be committed negligent.

The petitioner avers that as recited in the presentence investigative report the petitioner simply refused to place his behind his back at the time of his arrest and in that process inadvertly struck the officer in the face with his elbow as the officer attempted to place the petitioner hands behind his back and as such the petitioner assert that his second degree assault on law enforcement was not considered as violent at the time he plead guilty and Therefore, Does not amount to the type of violence as define by Leocal v Ashcroft,543 US 1,9. 125 S.Ct.377,160 L.Ed.2d 271(2004)

2

The petitioner asserts that as cited from the presentence investigative report at the time of the petitioner's arrest for the charge of assault on law enforcement, he were also charged with possession of a controlled substance and as such he were convicted under Mo.Rev.Stat.§565.082.(1)(4) because at the time of arrest the petitioner was under the influences of a controlled substance.

The petitioner avers that the assault on law enforcement officer he was convicted under does not raise to the level of violence necessary to qualify as a crime of violence as described by USSG§4b1.2, and therefore, does not qualify as a predicate for the career offender application.

The petitioner contends that counsel were ineffective when she failed to object to the Government use of this predicate as one of the three prior offenses in which could qualify as crimes of violence when the assault on law enforcement officer the petitioner was convicted under could be committed with negligence without the purposely, intentionly or knowingly act actually assaulting law enforcement and as such the petitioner contends that he stands convicted of an enhancement that the law does not permit him to be enhanced for and as such the petitioner ask this Honorable Court to sentence him within his correctly calculated guideline range.

Ground Two: Counsel were inffective when she failed to object to object to the Resisting or Interfering w/an Arrest being considered as a crime of violence and thereby qualifying pursuant to §4b1.1 career offender guidelines.

The petitioner contends that counsel were ineffective when she failed to object to the Governments use of his Resisting and interfering w/an Arrest as a predicate for the career offender enhancement. The petitioner avers that the courts in its assessment failed to take the proper categorical approach and look to the State of Missouri Rev.Stat.§575.150 to define if and fact do the State elements of Resisting or interfering w/ an Arrest matches or is narrow then the definition of a crime of violence as described by §4b.12 of the sentencing guidelines.

The petitioner avers that he does not qualify as a career offender.

The State of Missouri define Resisting or Interfering w/an Arrest a pursuant to Mo.Rev.Stat.§575.150

1. A person commits the crime of Resisting or Interfering with Arrest, Detention, or Stop if . . . the person;

(1) Resists the arrest, stop or detention of such person by resisting or threatening the use of violence or physical force or by fleeting from such officer's or

(2) Interfering with arrest, stop or detention of another person.

Resisting an arrest, detention, or stop bt fleeting in such a manner that the person fleeting creates a substantial risk of serious physical injury or death to any person is a class A felony.

The Eight Circuit Courts of Appeals have decided that Resisting or Interfering w/an Arrest is a divisible statute. United States v Shockley, 816 f.3d 1058,1063 ( 8th.cir.2016 )

1

The petitioner contends that this prior offense does not qualify as a predicate offense for the §4b1.2 of the career offender act because the prior he was convicted under did not require violence.

The petitioner contends that as recited by the presentence investigative report the petitioner simply refused to put his hands behind his back. " The officer attempted to arrest the defendant but the defendant refused to comply with officer's directives to place his hands behind his back."(p.17)

The petitioner avers that the reason this prior offense is even a felony is because pursuant to Mo.Rev.Stat.§575.105.5. Violating the statute constitutes a felony if either(1) The defendant resisted or interfered with an arrest for a felony offense.

The petitioner asserts that he was arrest for simple possession of a controlled substance and for that reason alone the petitioner was charged with resisting or interfering with an arrest and as such the petitioner avers that this prior offense does not qualify as a crime of violence as defined pursuant to §4b1.2 of sentencing guidelines.

The District Court has not made a determination whether Hill's violations of Mo. Rev. Stat.§575.150 was for a crime of violence under §4b1.2(a)(1) and the record does not support the " Narrow class of documents " needed to apply the modified categorical approach and as such the petitioner contends that his prior offense for Resisting or Interfering w/an Arrest does not qualify as a crime of violence.

The petitioner asserts that the Federal Probation Officer's recitation of two of the three prior offense in the chapter four enhancement section are not crimes of violence and does not qualify as predicates in which to enhance the petitioner's sentence.

2

The petitioner contends that counsel were ineffective when she failed to object to this predicate offense for the career offender application because Resisting and Interfering w/an Arrest can be carried out in a non-violent manner the exact crime for which the petitioner plead guilty to in the predicated offense.

" Standing in the doorway and refusing to unlock the door to permit officers to enter " constitutes conduct which hindered and interfer with the discharge of the duty of the officers. City of Sedalia v Russell,623 S.W.2d 609,610-11 ( Mo.Ct.App.1981 )

Clearly, the State of Missouri charges defendant's with Resisting and Interfering w/an Arrest in a non violent manner and as such the petitioner asserts that he should have never been considered as a career offender and when counsel failed to object to this predicated offense her repersentation failed below a reasonable standard.

3

Conclusion

The petitioner avers that he is not a career offender as defined by USSG§4b1.2 and as such he ask that this Honorable Court resentence him within his correctly calculated guidelines without considering the two predicated offense as described by the chapter four enhancement of Second Degree Assault on Law enforcement and Resisting and interfering w/an Arrest because pursuant to Missouri State Law these offense can be committed in a non-violent and manner, The convictions for which the petitioner plead guilty to in States court.

The petitioner ask this Honorable Court resenetnce him within his correctly calculated guideline range because he does not qualify as a career offender.

Respectfully Submitted

x _Daren Hill_

Daren Hill#46212-044
United States Penitentiary
PO BOX 3900
Adelanto, Ca 32901

4

Certificate of Service

I, Daren Hill, Hereby certify under the penalty of perjury that a true and corect copy of the aforegoing §2255 motion has been served on the United States Attorney. On *OCT, 1ˢᵗ ,20 18 .

x Daren Hill
Daren Hill#46212-044
U.S. Penitentiary Victorville
PO BOX 3900
Adelanto, Ca92301

5