UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAREN HILL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:18-CV-1742 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Daren Hill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1), that asserts two grounds for relief. Both are claims of ineffective assistance of counsel for failure to object to characterization of prior state court convictions as crimes of violence for federal sentencing purposes. Movant filed a Supplement to the § 2255 Motion (titled "Motion to Amend §2255 Motion under 28 U.S.C.") (ECF No. 6) that argues state court records show his underlying convictions are not crimes of violence, and includes as exhibits certain of Hill's state court records.[1]

The United States filed a Response in opposition (ECF No. 7), and Movant filed a "Traverse/Reply" that includes a new, third ground for relief (ECF No. 9 at 11). Movant then filed another supplement to his § 2255 Motion, titled "Affidavits in Support of Petitioner's Pending 28 USC § 2255 Petition Before the Court" (ECF No. 13), that recites the history of his discussions with appointed counsel during pretrial proceedings in his underlying criminal case.

---

[1] The state court records Movant submitted are (1) the Judgment in Case No. 0622-CR-4438 (22nd Jud. Cir., State of Mo.), that includes a Resisting or Interfering with an Arrest conviction under § 575.150, Mo. Rev. Stat. (2005), Hill's Ex. A (ECF No. 6-1 at 1-4); (2) the Indictment in Case No. 0622-CR-4438 (22nd Jud. Cir., State of Mo.), Hill's Ex. B (ECF No. 6-1 at 5-6); (3) the Information in Case No. 04CR-005517 (21st Jud. Cir., State of Mo.), that includes a Second-Degree Assault on a Law Enforcement Officer charge under § 565.082, Mo. Rev. Stat. (2005), Hill's Ex. C (ECF No. 6-1 at 8); and (4) the Complaint in Case No. 04CR-005517 (21st Jud. Cir., State of Mo.), Hill's Ex. D (ECF No. 6-1 at 10).

The Court ordered the United States to respond to Movant's Supplements to address whether any new claims set forth therein were time barred, and to address the merits of grounds raised therein. (ECF No. 14). The United States filed its Response (ECF No. 19) on February 7, 2022 (ECF No. 19), and Movant filed a timely Reply Brief (ECF No. 20).

This matter is fully briefed and ready for decision. For the following reasons, Movant's § 2255 Motion will be denied in all respects, and his motion for appointment of counsel will be denied as moot. Movant's request that the Court strike the United States' Response (ECF No. 19) filed in response to the Court's Order is denied.

**I.  Procedural Background**

On June 16, 2017, Hill was charged in a superseding information with one count of knowingly and intentionally possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count One); and one count of knowingly and intentionally possessing with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count Two). United States v. Daren Hill, 4:16-CR-360 RLW (E.D. Mo.) (ECF No. 60). On June 16, 2017, Hill pleaded guilty to Counts One and Two of the superseding information pursuant to a Guilty Plea Agreement (the "Agreement"). (Id., ECF Nos. 63, 64.) The Agreement provided, in pertinent part:

> **It is the position of the United States Probation and Parole Office, and the parties agree, that Defendant is an Armed Career Criminal under Count One and a Career Offender under Count Two of the Superseding Indictment. Accordingly, and in exchange for the Defendant's voluntary plea of guilty to Counts One and Two of the Superseding Information, the parties agree and respectfully recommend that Defendant be sentenced to a term of imprisonment of one hundred twenty (120) months.**

Agreement (ECF No. 64 at 2) (emphasis original).

Hill appeared for sentencing on October 3, 2017. (Id., ECF No. 75.) Consistent with the Final Presentence Investigation Report (id., ECF No. 70), the Court found Hill to be a career

offender under the United States Sentencing Guidelines ("U.S.S.G.") based on the following prior convictions:

- August 15, 2004, felony conviction for Sale of a Controlled Substance in the Circuit Court for the City of St. Louis, Missouri, Docket No. 22031-01111-01;

- August 15, 2005, felony conviction for Second-Degree Assault of a Law Enforcement Officer in the Circuit Court for the County of St. Louis, Missouri, Docket No. 2104R-05517-01; and

- June 8, 2007, felony conviction for Resisting or Interfering with an Arrest in the Circuit Court for the City of St. Louis, Missouri, Docket No. 0622-CR04438-01.

(ECF No. ¶¶ 37, 40, 46.)  The Court sentenced Hill to a below-guidelines sentence of 120 months pursuant to the parties' Agreement.  (ECF No. 76.)

Hill did not file an appeal of his conviction or sentence.  Instead, his counsel filed a Notice indicating Hill had not requested his counsel file a notice of appeal.  (ECF No. 78.)  On the Notice, Hill's signature followed the statement, "I have been fully informed of my right to appeal the final judgment in this case, I do not wish to file a Notice of Appeal, and I have instructed my attorney not to file a Notice of Appeal."  (Id.)  Both Hill and his counsel signed the Notice on October 3, 2017.  (Id.)

On October 9, 2018, Hill filed the instant motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

**II. Grounds Raised**

Hill's § 2255 Motion asserts the following grounds for relief:

Ground One:  Hill's counsel was ineffective for failing to object to the counting of his conviction for Second-Degree Assault on a Law Enforcement Officer as a crime of violence under U.S.S.G. § 4B1.1.

3

<u>Ground Two</u>:  Hill's counsel was ineffective for failing to object to the counting of his conviction for Resisting or Interfering with an Arrest as a crime of violence under U.S.S.G. § 4B1.1.

Hill's Traverse/Reply adds the following ground for relief:

<u>Ground Three</u>:  Hill's "two prior offense[s] should not be counted because they were consolidated with his prior sale of controlled substance case no. 22031-01111, and trafficking 2nd degree."  (ECF No. 9 at 11.)

## III.  Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice.  <u>Davis v. United States</u>, 417 U.S. 333 (1974); <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962).  The Supreme Court has stated that "a collateral challenge may not do service for an appeal."  <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982).

To prove ineffective assistance of counsel, a defendant must demonstrate both that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) he was prejudiced as a result.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).  Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"  <u>Id.</u> at 689.  If a defendant can meet the first part of the <u>Strickland</u> test, he must still show that counsel's deficient performance prejudiced him.  "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result would have been different."  <u>Jackson v. United States</u>, 956 F.3d 1001, 1006 (8th Cir. 2020) (quoted case omitted).

4

Generally, to establish prejudice where a defendant has entered a guilty plea, "the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Frausto, 754 F.3d 640, 643 (8th Cir. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Here, Movant Hill makes no assertion that but for his counsel's alleged errors, he would not have entered a guilty plea. Instead, he requests resentencing "within the correct guideline range without of [sic] the application of career offender guideline," asserting that but for counsel's errors, he would have received a lower guidelines range and a lower sentence. (ECF No. 1 at 12).

In some circumstances, a defendant who pleads guilty may establish prejudice under the second Strickland factor by showing he would have received a lesser sentence absent his counsel's ineffective assistance. The Eighth Circuit has held that "[t]he "Strickland factors apply to claims arising from plea negotiations and the second prong is satisfied if accepting a plea offer would have resulted in a lesser sentence." Love v. United States, 949 F.3d 406, 409 (8th Cir.), cert. denied, 141 S. Ct. 576 (2020) (cited cases omitted). And under certain circumstances, a defendant may "show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance," by demonstrating among other things a "reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Missouri v. Frye, 566 U.S. 134, 147 (2012) (citing Glover v. United States, 531 U.S. 198, 203 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance")); see Whittaker v. United States, 2014 WL 7335168, at *3 (E.D. Mo. Dec. 19, 2014) (citing Missouri v. Frye; holding movant could show prejudice on ineffective assistance claim for failure to object to use of prior convictions for armed career criminal status, if the end result would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time); see also Griffith v. United States, 871 F.3d 1321,

5

1336-39 & n.14 (11th Cir. 2017) (holding a § 2255 movant may establish prejudice by showing the district court relied on an incorrect, higher guidelines range, and that nothing else in the record indicates he would have received the same sentence anyway; citing Molina–Martinez v. United States, 136 S. Ct. 1338, 1347 (2016)).

The Court will assume for purposes of this opinion that Hill may show prejudice under the second Strickland prong by establishing that if his counsel had not been ineffective, he would have received a lower guidelines range and a lower sentence.

"'Surmounting Strickland's high bar is never an easy task,' Padilla v. Kentucky, 559 U.S. 356, 371 (2010), and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.' United States v. Timmreck, 441 U.S. 780, 784 (1979)." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Judges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id.

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

### IV. Discussion

#### A. Ground One

Movant asserts in Ground One that his counsel was ineffective for failing to object to the counting of his Missouri conviction for Second-Degree Assault on a Law Enforcement Officer as a crime of violence under U.S.S.G. § 4B1.1. Movant asserts he was convicted of this offense under Section 565.082.1(4) of the Missouri Revised Statutes, which can be committed negligently, and therefore it is not a crime of violence under the modified categorical approach and Leocal v.

6

Ashcroft, 543 U.S. 1, 9 (2004). Movant states that the Presentence Investigation Report indicates he "simply refused to place his [hands] behind his back at the time of his arrest and in that process inadvert[ent]ly struck the officer in the face with his elbow as the officer attempted to place [his] hands behind his back[.]" (ECF No. 1 at 14.) Movant asserts that as a result, his offense conduct was negligent, the conviction should not have been considered for career offender purposes, and his counsel was ineffective for failing to object to use of the conviction as a prior crime of violence.

The United States responds that Hill cannot establish his counsel's representation was ineffective or that he suffered prejudice, because the Second-Degree Assault on a Law Enforcement Officer conviction was properly considered as a crime of violence for sentencing purposes and Hill is a career offender.

To determine whether a prior state court conviction constitutes a crime of violence for federal sentencing purposes, courts "apply a categorical approach, looking to the elements of the offense as defined in the . . . statute of conviction rather than to the facts underlying the defendant's prior conviction." United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016) (quoted case omitted). "If the statute of conviction is divisible in that it encompasses multiple crimes, some of which are crimes of violence and some of which are not, [courts] apply a modified categorical approach to 'look at the charging document, plea colloquy, and comparable judicial records' for determining which part of the statute the defendant violated." Id. (quoted case omitted). Courts "then determine whether a violation of that statutory subpart is a crime of violence." Id.

Hill challenges the status of his conviction for second-degree assault on a law enforcement officer under Section 565.082.1, Missouri Revised Statutes (2005). This statute is divisible because it covers multiple crimes, and subdivision 1(4) of the statute is not a crime of violence because it criminalizes negligent conduct. United States v. Daniels, 701 F. App'x 524, 427 (8th

7

Cir. 2017) (unpublished per curiam) (citing Leocal, 543 U.S. at 9)).  The Court therefore applies the modified categorical approach to Hill's prior conviction.

Missouri's second-degree assault on a law enforcement officer statute in effect at the time of Hill's conviction provided seven different ways a person could commit the crime of assault on a law enforcement officer in the second degree:

> 1. A person commits the crime of assault of a law enforcement officer . . . in the second degree if such person:
>
>    (1) Knowingly causes or attempts to cause physical injury to a law enforcement officer . . . by means of a deadly weapon or dangerous instrument;
>
>    (2) Knowingly causes or attempts to cause physical injury to a law enforcement officer . . . by means other than a deadly weapon or dangerous instrument;
>
>    (3) Recklessly causes serious physical injury to a law enforcement officer . . .;
>
>    (4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and when so operating, acts with criminal negligence to cause physical injury to a law enforcement officer . . .;
>
>    (5) Acts with criminal negligence to cause physical injury to a law enforcement officer . . . by means of a deadly weapon or dangerous instrument;
>
>    (6) Purposely or recklessly places a law enforcement officer . . . in apprehension of immediate serious physical injury; or
>
>    (7) Acts with criminal negligence to create a substantial risk of death or serious physical injury to a law enforcement officer . . . .

Mo. Rev. Stat. § 565.082.1 (2005).  Section 565.082.1(3) further provides, "Assault of a law enforcement officer . . . in the second degree is a class B felony unless committed pursuant to subdivision (2), (5), (6), or (7) of subsection 1 of this section in which case it is a class C felony." Id.

In his Supplement (ECF No. 6), Hill contends the charging documents do not make clear under which subsection of the statute he was convicted.  Hill asserts the Court must vacate his sentence under the Eighth Circuit's decision in United States v. Shockley, 816 F.3d 1058 (8th Cir.

8

2016), and apply the modified categorical approach to the divisible statutes he was convicted under before determining that he is an armed career criminal.[2] Under these circumstances, the Court must interpret the state court record and may look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." United States v. Thomas, 838 F.3d 926, 929 (8th Cir. 2016) (quoting Shepard v. United States, 544 U.S. 13, 26 (2005)). The Court "may make reasonable inferences based upon the Shepard-qualifying materials in order to identify the discrete statutory subdivision at issue." (Id.) (quoted case omitted).

Where those materials track precise language from a particular statutory subsection, it is reasonable to conclude the defendant was convicted under that subsection. Thomas, 838 F.3d at 929 (cited case omitted). The Information to which Hill pleaded guilty provided:

> That Daren D. Hill, in violation of Section 565.082 RSMo, committed the class C felony of assault of a law enforcement officer in the second degree, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about Monday, December 27, 2004, at approximately 5:25 P.M., at 10114 Mayfair, in the County of St. Louis, State of Missouri, the defendant attempted to cause physical injury to P.O. Kurt Hauser, a law enforcement officer, by hitting P.O. Kurt Hauser in the nose and right cheek with his elbow.

(ECF No. 6-1 at 8, Hill's Ex. C at 2.)

Because the Information specifies that Hill committed a class C felony, he must have been convicted under subsection (2), (5), (6), or (7) of the statute. While the information does not use the term "knowingly," it otherwise tracks the language of subsection (2). In addition, the Information does not indicate or suggest that Hill acted "recklessly" or with "criminal negligence,"

---

[2]In the Supplement, Hill makes additional arguments in support of the two grounds in his § 2255 Motion, but labels these as Ground 5 (ECF No. 6 at 1), Ground 6 (id. at 2), and Ground 7 (id. at 5). Although the Court initially thought Hill's Supplement might raise new grounds for relief, upon further review, it determines the arguments Hill labeled as "Grounds" are not new grounds, but instead refer back to support his original two grounds of ineffective assistance of counsel.

9

with a "deadly weapon or dangerous instrument," or placed the officer "in apprehension of" or created a "substantial risk of" serious physical injury, as relevant under subsections (5), (6), or (7) of the statute. Accordingly, based on a review of the Shepard-approved Information, the Court finds Hill was convicted of subsection (2) of the statute. Cf. Daniels, 701 F. App'x at 527-28 (district court's conclusion that defendant pleaded guilty to subdivision 1(1) of § 565.082 was not clear error where the prosecutor's factual recitation as to the count was "nearly identical" to the language of that subsection).

Because Section 565.082.1(2) "has as an element the use, attempted use, or threatened use of physical force against the person of another," it constitutes a crime of violence under the federal Sentencing Guidelines. See 18 U.S.C. § 924(e)(2)(B)(i). Further, while the Eighth Circuit Court of Appeals does not appear to have addressed whether Section 565.082.1(2) is a crime of violence, it has repeatedly held that a substantively identical Missouri assault statute qualifies as a crime of violence. See United States v. Vinton, 631 F.3d 476 (8th Cir. 2011) (holding Missouri second-degree assault statute is a crime of violence under the federal Sentencing Guidelines); see also United States v. Alexander, 809 F.3d 1029 (8th Cir. 2016) (holding Missouri second-degree assault statute that criminalizes attempting to cause or knowingly causing physical injury to another person by means of a deadly weapon or dangerous instrument is a violent felony under the Armed Career Criminal Act).[3]

Consequently, Hill's prior Missouri conviction for second-degree assault on a law enforcement officer qualifies as a crime of violence under the Guidelines. As a result, his counsel was not ineffective for failing to argue otherwise, as such an argument would have lacked merit.

---

[3]The Armed Career Criminal Act's ("ACCA") force clause is interchangeable with the Guidelines' force clause, and the same analysis applies in defining "violent felony" under the ACCA and "crime of violence" under the federal Sentencing Guidelines. See United States v. Furqueron, 605 F.3d 612, 614 (8th Cir. 2010).

Counsel will not be held ineffective for failing to make a meritless argument.  See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam).  Further, Hill cannot show prejudice.  Ground One will be dismissed without an evidentiary hearing.

B. Ground Two

In Ground Two, Hill asserts that his counsel was ineffective for failing to object to the counting of his Missouri conviction for Resisting or Interfering with an Arrest as a crime of violence under U.S.S.G. § 4B1.1.

The United States responds that Hill cannot establish that his counsel's representation was ineffective or that he suffered prejudice, because the Resisting or Interfering with an Arrest conviction was properly considered as a crime of violence for sentencing purposes and Hill is and remains a career offender.

Missouri's resisting or interfering with arrest statute in effect at the pertinent time, Section 575.150, Missouri Revised Statutes (2005), provides as follows:

> A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:
>
> (1) Resists the arrest, stop or detention of such person by using or threating the use of violence of physical force or by fleeing from such officer; or
>
> (2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.

Mo. Rev. Stat. § 575.150.1 (2005).  Section 575.150.5 further provides:

> Resisting or interfering with an arrest for a felony is a class D felony.  Resisting an arrest, detention or stop by fleeing in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person is a class D felony; otherwise, resisting or interfering with an arrest, detention or stop in violation of subdivision (1) or (2) of subsection 1 of this section is a class A misdemeanor.

11

Mo. Rev. Stat. §575.150.5 (2005).

The Information by which Hill was charged with this crime and to which he pleaded guilty did not specifically charge subsection (1) of the statute, but the Information's language tracks the language in subsection (1) verbatim, alleging:

> The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 575.150, RSMo, committed the class D felony of resisting an arrest, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about September 27, 2006, in the City of St. Louis, State of Missouri, Robert Singh, a law enforcement officer, was making an arrest of defendant for possession of a controlled substance, and the defendant knew or reasonably should have known that the officer was making an arrest, and, for the purpose of preventing the officer from effecting the arrest, resisted the arrest of defendant by using or threatening the use of violence or physical force.

(ECF No. 6-1 at 6, Hill's Ex. B at 2). In addition, Hill pleaded guilty to the Class D felony of resisting arrest and was, accordingly, sentenced to three years imprisonment. (Id. at 1, Hill's Ex. A at 1.) Therefore, Hill was convicted of violating subsection (1) of Section 575.150.1, Mo. Rev. Stat. See Thomas, 838 F.3d at 929 (where Shepard-qualifying materials track precise language from a particular subsection, it is reasonable to conclude the defendant was convicted under that subsection).

Because Section 575.150.1(1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," it constitutes a crime of violence under the federal Sentencing Guidelines. See 18 U.S.C. § 924(e)(2)(B)(i). In addition, the Eighth Circuit Court of Appeals has held that a conviction under the use-of-force portion of Section 575.150.1(1) is a crime of violence under the Guidelines and the Armed Career Criminal Act. See United States v. Herndon, 773 F. App'x 342, 342-43 (8th Cir. 2019) (unpublished per curiam) (citing Shockley, 816 F.3d at 1063-64) (holding that Section 575.150.1(1) is a crime of violence under the ACCA).

Accordingly, Hill's prior Missouri conviction for Resisting or Interfering with an Arrest qualifies as a crime of violence under the Guidelines. As a result, his counsel was not ineffective

12

for failing to argue otherwise, as such an argument would have lacked merit. Counsel will not be held ineffective for failing to make a meritless argument. See Thomas, 951 F.2d at 904. Further, Hill cannot show prejudice. Ground Two will be dismissed without an evidentiary hearing.

C. Ground Three.

In Ground Three, set forth for the first time in Hill's Traverse/Reply, Hill asserts that his "two prior offense[s] should not be counted because they were consolidated with his prior sale of controlled substance case no. 22031-01111, and trafficking 2nd degree." (ECF No. 9 at 11.) Ground Three does not assert a claim of ineffective assistance of counsel, but instead is a claim of sentencing error.

Sentencing errors are generally not cognizable in § 2255 proceedings. See Sun Bear v. United States, 644 F.3d 700, 704-05 (8th Cir. 2011) (en banc). "Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal." Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995) (quoted case omitted). A movant who fails to raise a sentencing guidelines issue on direct appeal cannot properly bring the claim in a § 2255 proceeding "unless he meets one of three possible exceptions to the rule that ordinary questions of guidelines interpretation not raised on direct appeal do not present cognizable § 2255 claims." United States v. Perales, 212 F.3d 1110, 1111 (8th Cir. 2000).

The first exception is to assert his attorney's failure to make the guidelines argument at sentencing as an ineffective assistance of counsel claim. See Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Hill's Ground Three is not asserted as a claim of ineffective assistance of counsel, see ECF No. 9 at 11-12, and therefore he cannot meet the first exception.

The second exception is for cases involving a sentence in excess of the maximum authorized by statute. This does not apply in Hill's case, as the maximum term of imprisonment for Count 1 was 10 years, 18 U.S.C. § 922(j) and 18 U.S.C. § 924(a)(2); and for Count 2 was 20

13

years, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). See Presentence Report (Case No. 4:16-CR-360 RLW, ECF No. 70, ¶ 91). Further, Hill was sentenced below the Guidelines sentencing range of 151 months to 188 months. (Id. ¶ 92.) As a result, Hill's Sentencing Guideline claim in Ground Three does not raise a constitutional issue cognizable under the statute. See Auman, 67 F.3d at 161 (stating that § 2255 provides for relief where statutes establishing maximum sentences are violated, but does not apply to "garden-variety Sentencing Guideline application issues.")

The third exception is for Sentencing Guidelines claims that rise to the level of a "miscarriage of justice." Perales, 212 F.3d at 1111 (citing Auman, 67 F.3d at 161). In Sun Bear, the Eighth Circuit held it was not a miscarriage of justice and § 2255 did not offer a basis of relief where a federal prisoner was sentenced below the applicable statutory maximum sentence, even though he was sentenced as a career offender based upon a predicate offense that was later determined not to be a crime of violence. 644 F.3d at 704-06. The Court of Appeals characterized such an error as an "ordinary" Sentencing Guidelines question rather than a cognizable error of law or an error that fits within any miscarriage of justice exception for § 2255 relief. Id. at 704. Hill similarly raises an ordinary Sentencing Guidelines issue that does not rise to the level of a miscarriage of justice.

Consequently, Hill's sentencing claim in Ground Three is not properly brought in this § 2255 habeas action, but should have been raised on direct appeal. See Auman, 67 F.3d at 160-61. Ground Three will be denied without an evidentiary hearing.

## V. Conclusion

For the foregoing reasons, the Court concludes that Daren Hill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should be denied in all respects.

14

Accordingly,

**IT IS HEREBY ORDERED** that Movant Daren Hill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1), as supplemented, is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Appoint Counsel (ECF No. 11) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in Movant's § 2255 Motion.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

A separate judgment will accompany this Memorandum and Order.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of March, 2022.